895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stacie B. HUNT, Plaintiff-Appellant,
v.
Malcolm THOMPSON; Dennis Baaki, Defendants-Appellees.
 No. 89-1776.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and CARL B. RUBIN, Chief District Judge.*
 
 ORDER
 
 2
 Plaintiff Hunt moves for counsel on appeal from the district court's grant of summary judgment to the defendants in this civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hunt is a prisoner at the State Prison for Southern Michigan in Jackson, Michigan. The defendants are an officer in the Wayne County Task Force and a Detroit, Michigan police officer.
 
 
 4
 In his complaint, Hunt alleged that the defendants conspired to obtain a search warrant based on false documents and false testimony from an informant. Hunt requested injunctive relief and damages. Upon motion, the district court granted summary judgment to the defendants based on issue preclusion and statute of limitations grounds.
 
 
 5
 We will affirm the district court's judgment based on the statute of limitations grounds. The district court must grant summary judgment to the defendants if no genuine issue of material fact exists and the defendants are entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). In Michigan, the statute of limitations for section 1983 cases is three years. Mich.Comp.Laws Ann. Sec. 600.5805(8) (West Supp.1989); McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir.1988). The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. McCune, 842 F.2d at 905.
 
 
 6
 The search in question occurred on or about May 25, 1983. Hunt was present at the search and was arrested at that time. He clearly had reason to know of the injury. Hunt did not file his complaint until May 10, 1988, well past the three-year statute of limitations. Therefore, his claim is barred.
 
 
 7
 In his brief, Hunt cites the Supreme Court case of Hardin v. Straub, 109 S.Ct. 1998 (1989). In that case, the Supreme Court held that state statutes which toll the time for filing actions by prisoners are consistent with the purposes of section 1983. Id. at 2003. Here, Mich.Comp.Laws Ann. Sec. 600.5851(1) (West 1987) allows prisoners until one year after their release in which to file complaints. However, the disability must exist at the time the claim accrues. Sec. 600.5851(3). Because Hunt was not imprisoned at the time of the search, the disability did not exist at that time. Therefore, the tolling statute does not apply to his case. The district court properly granted summary judgment to the defendants.
 
 
 8
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation